# Gloninger, Appellant, *v.* Barclay.

*Partnership—Bill for account—Equity—Findings of fact.*

Plaintiff filed a bill in equity for an accounting against his partner; the defendant filed an account showing a balance belonging to the firm but claiming that plaintiff had already been paid more than his share. After a hearing the court below on competent and abundant evidence found that defendant was discharged of any liability to plaintiff and entered a decree accordingly. *Held,* that in the absence of anything in the evidence to show that the court was clearly mistaken in its findings the decree should be affirmed.

Argued April 28, 1914. Appeal, No. 343, Jan. T., 1913, by plaintiff, from decree of C. P. No. 3, Philadelphia Co., Sept. T., 1901, No. 1055, dismissing exceptions to account in case of John P. Gloninger v. Charles Barclay. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Bill in equity for an accounting. Before MC-MICHAEL, P. J.

The opinion of the Supreme Court states the facts.

The court entered a decree discharging the defendant from all liability to plaintiff by reason of any of the transactions set forth in the bill of complaint. Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*John G. Kaufman,* with him *V. Gilpin Robinson,* for appellant.

*William Righter Fisher,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 1, 1914:

This was a bill in equity filed to secure an accounting.

John P. Gloninger and Charles Barclay engaged in a joint enterprise for the purchase and sale of land located in the State of Alabama, each contributing one-half of the funds. Barclay was the active manager of the business and handled the money. After the purchase of the land, Gloninger conveyed his interest in it to Frank Sheridan as collateral security for indebtedness. On the trial in the court below, defendant presented an account, of which the hearing was in substance an audit. The account showed a balance of $5,911.33 in the hands of defendant, but it was admitted that defendant had paid to plaintiffs $4,570.68, and this is considerable more than their share of the balance, as shown by the account filed. The trial judge found that there was nothing due plaintiff. Exceptions were filed, which were dismissed by the court below, and a final decree was entered discharging the defendant from all liability to plaintiff by reason of any of the transactions set forth in the bill of complaint. Plaintiff has appealed. The first question raised by the assignments of error relates to the debit side of the account. In making up his statement defendant inserted the following item, "for admitted error in stating account, $1,305.13," and changed the footing of the account to correspond. The trial judge held that this item was an improper charge and deducted it from the debit side of the account. We find no explanation of the error which this item was intended to correct, but the accountant admitted that such an error existed, and sought to correct it by charging himself with this additional sum. The amount corresponds to a credit item for the cost of stock of the Dixie Land and Improvement Company, which was disallowed by the trial judge. Apparently, therefore, the amount was stricken out of the debit side as an off-set to the credit item of the same amount, which was not allowed. The matter is not important however, if as appears to be the case, defendant has in any aspect of the case, overpaid plaintiffs. There

is another item of $350 with which accountant should be charged, if the uncontradicted testimony of appellant is to be accepted. It is the proceeds of two hundred acres of land sold by Barclay. The principle question raised by the assignments of error relates to an item on the credit side of the account, for the payment of $4,275 to Thaddeus McNulty for an interest in lands as per agreement made by E. Cooper Shapley, Esq. It appears that McNulty held an option for the purchase of land, known as the Baker Tract, and in consideration of Barclay advancing the money to buy it, he agreed that title should be taken in the name of Barclay, a one-fourth interest to be held in trust for the benefit of McNulty. Afterwards Barclay advanced $4,275 to purchase an adjoining tract of land, known as the Baptiste Tract, on which McNulty also held an option, and this tract was to be held by Barclay upon the same trusts. It was feared that McNulty's interests in both tracts would be attached by his creditors, and a settlement was made through the negotiations of Mr. Shapley, by which McNulty conveyed his interest in the Baker Tract to Barclay, and the Baptiste Tract was conveyed to McNulty's wife. Barclay then claimed credit in his account for $4,275, the amount paid by him in the purchase of the Baptiste Tract. Gloninger denied that he authorized the settlement, or that he had knowledge of it. Both Barclay and Sheridan, however, testified that Gloninger had full knowledge of the transaction and the trial judge found as a fact that he had. The evidence was ample to justify this finding, and we think the credit claimed for this item was properly allowed. No loss to appellant resulted from the transaction. The trial judge expressly found that, "it was for the benefit of the trust estate." Some questions are raised with regard to the allowance of expenses incurred by the accountant, and the refusal to allow other expenses, claimed to have been incurred by the plaintiff, Gloninger. The determination of these matters depended

largely on questions of fact, and there is nothing in the evidence to indicate that the court below was mistaken in its findings. Under any aspect, from which the case can fairly be viewed, it seems that the plaintiffs have been paid by the defendant, more than the sum to which they are entitled. This being so, the decree of the court below must be affirmed, and it is so ordered.